UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ERNESTO PAVONI and all others
similarly situated under 29 USC 216(b)

       Plaintiff,

vs.

DYNASTY LANDSCAPING
SERVICE, INC. d/b/a DYNASTY
TREE SERVICE f/k/a ECONOMIC
TREE SERVICE CORP. AND F/K/A
ECONOMIC TREE TRIMMING
CORP. AND JOSE MOLINA

       Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, Ernesto Pavoni, by and through his undersigned attorney, and hereby sues Defendants, Dynasty Landscaping Service, Inc. d/b/a Dynasty Tree Service f/k/a Economic Tree Service Corp. and f/k/a Economic Tree Trimming Corp. ("Dynasty") and Jose Molina, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1.     This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime and minimum wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5.      Defendant, Dynasty, is a Florida corporation which regularly conducted business within the Southern District of Florida.

6.      Dynasty, is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, Dynasty operated as an organization which has two or more employees who on a regular and consistent basis, handle goods and/or materials such as tree cutting, landscaping and grinding machinery that originated outside the state of Florida, while performing services for customers within the state of Florida.

7.      Upon information and belief, the annual gross sales and/or business done for Dynamic was at all times material hereto in excess of $500,000.00 for the year 2016 and is expected to exceed $500,000 for the year 2017.

8.      Upon information and belief, Dynamic and Economic Tree Service Corp. and Economic Tree Trimming Corp. are involved in a joint enterprise as defined by 29 U.S.C. 203(r) as the related activities between the three Companies, performed through unified operation and/or common control through the management of Jose Molina and Jesus Padron on all three corporations, are done for a common business purpose and share employees like Plaintiff, clients, equipment, finances and worked on the same property.

9.      By reason of the foregoing, Dynamic is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

10. The individual Defendant, Jose Molina, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant Jose Molina controlled the purse strings for the corporate Defendant. Defendant Jose Molina hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

11. Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

12. Plaintiff was employed by the Defendants as a non-exempt tree trimmer and stump grinder. Plaintiff performed work in both Miami-Dade and Broward County, Florida.

13. Plaintiff was employed from on or about July 28, 2016 through on or about January 31, 2017, a 27 week period of time.

14. For approximately 15 weeks of his employment with Defendants, Plaintiff worked an average of 78 hours a week, but was never paid the appropriate overtime rate. During the remaining (approximate) 12 weeks of his employment with Defendants, Plaintiff worked an average of 65 hours a week, but was never paid the appropriate overtime rate.

15. During his employment with Defendants, Plaintiff was paid on a daily rate. During approximately the first 18 weeks of his employment with Defendants, Plaintiff was paid a daily rate of $150 a day. Thereafter, Plaintiff's daily rate was decreased to $100 a day for approximately 4 weeks and thereafter decreased to $80 a day for the last 5 weeks of his employment with Defendants. Plaintiff was never paid his overtime wages when he worked in excess of 40 hours a week and is therefore seeking the additional halftime overtime rate for each overtime hour worked.

16.     Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

17.     The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219, 29 C.F.R. § 778.112, 29 C.F.R. §516.2 and §516.4 and et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

18.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

19.     The similarly situated individuals are those individuals whom were employed by the Defendants as laborers like the Plaintiff, and whom were not paid overtime wages.

20.     Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's

entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II. CLAIM FOR FLSA MINIMUM WAGES

21.     Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

22.     Plaintiff was employed from on or about July 28, 2016 through on or about January 31, 2017, a 27 week period of time.

23.     For approximately 15 weeks of his employment with Defendants, Plaintiff worked an average of 78 hours a week, and for approximately 12 weeks of his employment with Defendants, Plaintiff worked an average of 65 hours a week, but was never paid the appropriate overtime rate.

24.     During his employment with Defendants, Plaintiff was paid on a daily rate. During approximately the first 18 weeks of his employment with Defendants, Plaintiff was paid a daily rate of $150 a day. Thereafter, Plaintiff's daily rate was decreased to $100 a day for approximately 4 weeks and thereafter decreased to $80 a day for the last 5 weeks of his employment with Defendants. Plaintiff was never paid his overtime wages when he worked in excess of 40 hours a week and is therefore seeking the additional halftime overtime rate for each overtime hour worked

25.     The FLSA requires that employees be paid a wage not less than $7.25 per hour for each hour worked. Defendants failed to pay minimum wages to the Plaintiff when they paid him at a daily rate of $80 a day as Plaintiff worked approximately 13 hours a day for Defendants.

26.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage he was due.

27.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees.


WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 14, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561